# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 08-03091-04-CR-S-DGK ) |
| YVONNA G. BAYS, | ) ) |
| Defendant. | ) |

## PRELIMINARY ORDER OF FORFEITURE

The matter is before the Court on the Motion of the United States for a Preliminary Order of Forfeiture. (Doc. 227). Forfeiture Allegation Four of the Indictment in this case sought forfeiture of the following property pursuant to 21 U.S.C. § 853:

a. A sum of money equal to at least $3,400,000 representing the amount of proceeds obtained as a result of the conspiracy charged in Count One and which facilitated the conspiracy, for which the defendant is jointly and severally liable. The value of the net recovery from the sale of any forfeited assets purchased with proceeds shall be credited toward this sum;[1]

b. All seized funds contained in the following financial account: $12,153.31 from Partners Medicine Place account #7034067 at Security Bank of Pulaski County; and

c. The following internet domains:

(1) http://www.personalizedrx.com;
(2) http://www.comfortscripts.com;
(3) http://www.1stoppainshoppe.com;
(4) http://www.5starfreedom.net;
(5) http://www.themedicineplace.com.

---

[1] Yvonna G. Bays agreed in her plea agreement to the forfeiture of all of the property described in Forfeiture Allegation Four of the Indictment with the exception of the $3,400,000.00 money judgment described in paragraph 80(a) of the Indictment.

On June 22, 2011, defendant Yvonna G. Bays entered into a Plea Agreement with the United States wherein she agreed to plead guilty to the charge contained in Count Five and agreed to forfeit to the United States the property described above and in Forfeiture Allegation Four of the Indictment.

The Court has determined, based upon the evidence set forth in the Plea Agreement, that the United States has established the requisite nexus between the property described herein and the offense to which the defendant has pled guilty.

By virtue of the Plea Agreement, the United States is now entitled to a Preliminary Order of Forfeiture and to possession of the property pursuant to 21 U.S.C. § 853.

Accordingly, it is hereby ORDERED:

1. Based upon Yvonna G. Bays' guilty plea and agreement to Forfeiture Allegation Four contained in the Indictment, the following property:

   a. All seized funds contained in the following financial account: $12,153.31 from Partners Medicine Place account #7034067 at Security Bank of Pulaski County; and

   b. The following internet domains:

      (1) http://www.personalizedrx.com;
      (2) http://www.comfortscripts.com;
      (3) http://www.1stoppainshoppe.com;
      (4) http://www.5starfreedom.net;
      (5) http://www.themedicineplace.com;

is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n).

2. Upon entry of this Order, the United States is authorized to seize the above-described property in accordance with Fed. R. Crim. P. 32.2(b)(3).

3. Pursuant to 21 U.S.C. § 853(n), the United States shall publish for 30 consecutive days on the Internet site www.forfeiture.gov, notice of the Court's Order, notice of the United States' intent to dispose of the property in such manner as the Attorney General may direct and notice that any person, other than defendant Yvonna G. Bays, having or claiming a legal interest in the property must file a petition with the Court and serve a copy on Cynthia J. Hyde, Assistant United States Attorney, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

4. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

5. The United States may conduct any discovery it considers necessary to identify, locate, or dispose of the property subject to forfeiture or substitute assets for such property.

6. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture in which all interests will be addressed.

Date: July 5, 2011     /s/ Greg Kays
                       Greg Kays, Judge
                       United States District Court